IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ronald Dewayne Pitts,            Case No. 3:16 CV 2948

         Plaintiff,           MEMORANDUM OPINION
                                AND ORDER

   -vs-
                                JUDGE JACK ZOUHARY

Judge Teresa Ballinger, *et al*.,

         Defendants.

## INTRODUCTION

*Pro se* Plaintiff Ronald Pitts filed this Section 1983 action against Marion County Municipal Court Judge Teresa Ballinger, Magistrate Judge Jason Warner, Ohio State Trooper C. Farley, and the Ohio Department of Public Safety, Bureau of Motor Vehicles (BMV). Defendants move to dismiss for failure to state a claim and for lack of subject matter jurisdiction (Docs. 9, 10, 11). Pitts objects to Defendants' Motions (Doc. 12) and moves for default judgment (Doc. 13) and summary judgment (Doc. 14).

## BACKGROUND

This action arises from a speeding ticket issued by Trooper Farley on September 29, 2016 (Doc. 1 at ¶¶ 1, 4, Ex. A2). After Pitts was pulled over, he presented Farley with a "sheet [he] travel[s] with" stating, among other things:

> I, the presenter/traveler, living flesh and blood; reserve all of my rights without prejudice per UCC 1-308. I do not consent and waive the benefits. PLEASE REFRAIN FROM ABROGATION AND OR ANY ERRONEOUS ACTS IN DIRECT CONFLICT WITH THE UNITED STATES CONSTITUTION, "THE SUPREME LAW OF THE LAND." CONVERSION OF THE RIGHT TO TRAVEL INTO A PRIVILEDGE AND OR CRIME IS A FRAUD. ALL RIGHTS RESERVED WITHOUT PREJUDICE PER UCC 1-308. ALL PROPERTY EXEMPT FROM LEVY. (IF PRESENTED TO A PRESENTEE, HONOR IN GOOD FAITH AND GO IN PEACE.)

(*id*. at ¶¶ 2–3, Ex. A1). Nonetheless, Trooper Farley issued a citation for driving 87 miles per hour in a 65-mile-per-hour zone, and Pitts was summoned to appear in Marion County Municipal Court on October 18, 2016 (*id*. at ¶ 4, Ex. A2).

On October 1, Pitts sent Magistrate Judge Warner a letter "with the intent of discreetly extinguishing the citation" before his court date. This effort was apparently "ignored" (*id*. at ¶¶ 5–6). On or about October 19, Pitts received a notice and judgment from Judge Ballinger, stating that because he failed to appear on October 18 for his arraignment, he was summoned to appear for a second arraignment on November 8 (*id*. at ¶ 7, Exs. B1–B2). Pitts then sent Judge Ballinger a similar letter "with the intent of DISCREETLY EXTINGUISHING" his citation, "to rebut any false accusations," and to "reiterate [his] INTENT of SPECIAL APPEARENCE, Status and other Facts" (*id*. at ¶ 8). This effort was also "ignored," and on December 5, Pitts received a Notice from the BMV suspending his driving and registration privileges for failure to appear and comply with court orders (*id*. at ¶¶ 9–10, Ex. C1).

Pitts contends Defendants breached fiduciary duties and violated his "fundamental and God Given Rights," referring specifically to his constitutional "right to travel" (*id*. at ¶ 11). He seeks rescission of Defendants' "actions," damages, and other relief under Section 1983 (*id.*).

### STANDARD OF REVIEW

A complaint is subject to dismissal under Federal Civil Rule 12(b)(6) if it fails to state a claim upon which relief can be granted. All factual allegations in the complaint must be presumed true and all reasonable inferences drawn in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). To avoid dismissal, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

*Pro se* pleadings must be liberally construed. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). But *pro se* plaintiffs must still satisfy basic pleading requirements, and courts are not required to "conjure up" allegations on their behalf. *See Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### DISCUSSION

Pitts fails to allege a plausible claim against Defendants upon which relief may be granted. With respect to Magistrate Judge Warner and Judge Ballinger, judges are entitled to absolute immunity from suit based on their judicial acts. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This is true even if the judges acted erroneously or in bad faith. *Id.* Absolute judicial immunity is overcome only if the judge's actions were "nonjudicial" in nature or were "taken in the complete absence of all jurisdiction." *Id.* at 11–12. Pitts has not alleged facts plausibly suggesting either judge acted in a nonjudicial capacity or without jurisdiction. On the contrary, the only actions Pitts alleges with respect to them -- ignoring ex parte letters from Pitts seeking to resolve his case "discreetly" out of court -- are judicial. *See Williams v. Carter Cty.*, 1990 WL 14062, at *1 (6th Cir. 1990) ("[I]naction in the judicial process is a judicial function to which immunity attaches.").

To the extent Pitts asks this Court to rescind any of Judge Ballinger's or Magistrate Judge Warner's acts, his lawsuit is barred by the *Rooker-Feldman* doctrine, which precludes a federal district court from exercising jurisdiction over claims that, in substance, seek appellate review of a state court decision. *See Dakota v. Brown*, 2012 WL 5378733, at *5 (N.D. Ohio 2012) (citing *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994)).

Pitts also fails to allege a plausible claim against the BMV. The Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). The BMV qualifies as a state agency and is, therefore, entitled to immunity from Pitts' suit under the Eleventh Amendment. *See, e.g., Ferritto v. Oh. Dep't of Highway Safety*, 1991 WL 37824, at *2 (6th Cir. 1991); *see also Livingston v. Oh. Bureau of Motor Vehicles*, 2013 WL 5297249, at * 3 (S.D. Ohio 2013) ("[T]he law of sovereign immunity bars Plaintiff's suit against Defendant Ohio Bureau of Motor Vehicles.").

Pitts likewise fails to allege a plausible claim against Trooper Farley. To state a claim under Section 1983, a plaintiff must allege he was deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Pitts alleges Farley issued him a speeding citation despite being presented with Pitts' travel sheet. But this sheet is facially incomprehensible and, in any event, is not a valid defense to a speeding citation. Moreover, Farley's issuance of the citation does not plausibly suggest a violation of any federal right. The existence of a constitutional right to travel does not include a fundamental right to drive a motor vehicle. *See Duncan v. Cone*, 2000 WL 1828089, at *2 (6th Cir. 2000) ("While a fundamental right to travel exists, there is no fundamental right to drive a motor vehicle."); *see also Aziza El v. City of Southfield*, 2010 WL 1063825, at *5 (E.D. Mich. 2010) ("Plaintiff does not have a constitutional right to operate a motor vehicle and state licensure and registration requirements do not violate an individual's constitutional right to travel."). And the right to travel certainly does not carry with it the right to exceed the speed limit.

4

Finally, to the extent Pitts' claims are based on a traffic court conviction, his Section 1983 action is barred because "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Heck v. Humphrey*, 512 U.S. 477 486–87 (1994). Pitts has not shown the Marion Municipal Court judgment has in any way been invalidated.

## CONCLUSION

For all of the above reasons, Defendants' Motions to Dismiss (Docs. 9–11) are granted; Pitts' Motions for Default Judgment (Doc. 13) and Summary Judgment (Doc. 14) are denied.

IT IS SO ORDERED.

*s/ Jack Zouhary*
JACK ZOUHARY
U.S. DISTRICT JUDGE

January 23, 2017